This is an appeal from a conviction for having intoxicating liquor in possession.
The appellant was driving an automobile when he was arrested by a police officer, the automobile was searched, and liquor was found therein. The search was made without a warrant, and the evidence obtained thereby was admitted over the appellant's objection.
The right of the officer to search the automobile was based, by him, on the fact that he had arrested the appellant for a crime, other than having liquor in possession, then being committed in his (the officer's) presence.
The evidence in support thereof is that the officer had been given a list of automobile license tags which, he was informed, had been stolen, and that he was looking out therefor. The number of the tag on the automobile which the appellant was driving corresponded with the number of one of the tags on the list given the officer. On seeing this tag, the officer pursued and arrested the appellant for the crime defined by section 5619, Code 1930, which provides that: "And if any person shall *Page 228 
knowingly drive a motor vehicle with a tag or number attached thereto which belongs to another vehicle, or which tag shall fail to contain the same license number as originally issued or substituted, such person shall be subject to the same penalty imposed for driving a motor vehicle without a tag or license number."
The penalty referred to therein is a fine of not less than ten dollars nor more than one hundred dollars or imprisonment in the county jail, or both. Section 5621, Code 1930.
If this crime was being committed in the officer's presence, so as to be obvious to him by sight, the arrest was lawful.
One fact, probably among others, must appear before any crime can be said to have been committed in the officer's presence, which is that the license tag "belongs to another vehicle." This fact is not disclosed by the evidence; it being simply that the officer had been advised that the license tag belonged to another and had been stolen. The issuance of the tag for use on another vehicle should have been proven.
The evidence disclosed by the search of the automobile should have been excluded.
Reversed and remanded.